**Mrs. Agnes McWHORTER, Appellant,**

v.

**RYDER TANK LINE, INC., Appellee.**

**No. 24330.**

United States Court of Appeals
Fifth Circuit.

Jan. 4, 1968.

Harl C. Duffey, Jr., Rome, Ga., John W. Love, Jr., Ringgold, Ga., for appellant.

A. Paul Cadenhead, Atlanta, Ga., Dudley B. Magruder, Jr., Rome, Ga., Dennis J. Webb, Nall, Miller, Cadenhead & Dennis, Atlanta, Ga., Rogers, Magruder & Hoyt, Rome, Ga., for appellee.

Before BROWN, Chief Judge, and GEWIN and WRIGHT,* Circuit Judges.

PER CURIAM:

The appellant complains of the jury verdict and judgment for the defendant in the United States District Court for the Northern District of Georgia in a suit in which she was plaintiff and claimed damages for the alleged wrongful deaths of her two minor sons, one aged 16 who was the driver of the automobile involved and the other, aged 14, who was a passenger. Two separate suits were filed in the state court and were removed to the United States District Court where they were consolidated and jointly tried. The litigation arose out of a collision between the automobile in which the appellant's sons were riding and a truck owned and operated by the appellee.

The appellant specifies a number of errors in the conduct of the trial, but they may be summarized as raising essentially the following questions: (1) the jury verdict was contrary to the law and the evidence; (2) the court erred in its rulings on the admissibility of evidence; (3) the cases should not have been consolidated for trial; and (4) the court erred in its instructions to the jury with respect to proximate cause, negligence generally, and comparative and contributory negligence.

While appellant urges all of the specifications of error, her chief argument seems to center around the contention that the jury was confused because the cases were tried together and the court's instructions did not adequately inform the jury as to the two separate standards of care and conduct which applied to the driver and the passenger in the automobile. It is claimed that if the court's instructions had properly and adequately delineated distinctions between the case of the driver of the automobile, the older son, and that of the guest or passenger, the younger son, the verdict would likely

---

* Of the District of Columbia Circuit, sitting by designation.

have been favorable to appellant, at least in the case of the younger son.

 With the contentions of the appellant clearly in mind we have examined the court's instructions carefully and critically. We disagree with appellant and find the charge to be adequate and sufficient. We have also given careful consideration to the other contentions of appellant and find them without merit.

The judgment is affirmed.